UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

v.                                                                  Criminal Action No. 1:09-CR-58

Richard D. Memoli

**REPORT AND RECOMMENDATION**
(Doc. 49)

On January 28, 2010, Defendant Richard Memoli pled guilty to possession of a stolen firearm in violation of 18 U.S.C. § 922(j), and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).  On May 26, 2010, this Court sentenced him to 30 months in prison, to be followed by three years of supervised release.  Memoli now moves the Court to vacate his sentence pursuant to 28 U.S.C. § 2255.

The motion sets forth two grounds for relief.  First, Memoli informs the Court that his federal sentence was based, in part, upon a state court conviction that has since been vacated.  Specifically, three of his four criminal history points were attributable to a 2009 state court conviction for sexual assault.  On February 17, 2011, the Vermont Supreme Court reversed the conviction and remanded the case for a new trial.  *State v. Memoli*, 18 A.3d 567, 578 (Vt. 2011).  Memoli reports that he subsequently pled no contest to a misdemeanor charge of a prohibited act, and was given a sentence of 0-1 years to serve with credit for time served.

In support of his § 2255 motion, Memoli claims that his sentence of 0-1 years would receive only two criminal history points under the U.S. Sentencing Guidelines, as opposed

to the three points assigned because of his now-vacated conviction for sexual assault. Consequently, his new points calculation would place him in criminal history category II, rather than criminal history category III, and would entitle him to a lower sentencing range. Memoli's second claim for relief is that, at sentencing, counsel should have moved for a downward departure instead of moving for credit for time served.

The government does not oppose vacating Memoli's judgment and scheduling the matter for resentencing.  Indeed, the Second Circuit has held that "defendants who successfully attack state convictions may seek review of federal sentences that were enhanced on account of such state convictions."  *United States v. Doe*, 238 F.3d 473, 475 (2d Cir. 2001).  Because Memoli is entitled to resentencing in light of the change in his criminal history, and since the question of a downward departure can be revisited at a subsequent sentencing hearing, I recommend that the Court GRANT his § 2255 motion (Doc. 49) and schedule this matter for resentencing.

Dated at Burlington, in the District of Vermont, this 14th day of June, 2011.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c).  Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.  See Fed. R. Civ. P. 72(a); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).